# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **IN RE C.R. ENGLAND, INC. DATA BREACH LITIGATION** | **PRELIMINARY APPROVAL ORDER**<br><br>**Civil No. 2:22-CV-374-DAK-JCB**<br>**Judge Dale A. Kimball** |

Before the Court is Plaintiffs James Van Sickle, Bruce Bischoff, James Boss, and Albert Singletary ("Plaintiffs") Unopposed Motion for Preliminary Approval of Class Action Settlement **(Doc. No. 45)** (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs and Defendant C.R. England, Inc. ("C.R.E." or "Defendant") (together with Plaintiffs, the "Parties"), with accompanying exhibits referenced in Plaintiffs' Memorandum of Law in Support of their Motion (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. <u>**Class Certification for Settlement Purposes Only**</u>. The Settlement Agreement provides for a settlement Class defined as follows, for settlement purposes only:

All persons who were sent notice of the Data Breach.
Specifically excluded from the settlement Class are C.R.E. and the affiliates, successors, heirs, and assigns of C.R.E. Excluded also from the Class are members of the judiciary to whom this case is assigned, their families and members of their staff.

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

129279857.1

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all settlement Class members would be impracticable; (b) there are issues of law and fact that are common to the settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the settlement Class members; (d) the Class Representatives will fairly and adequately protect the interests of the settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the settlement Class; (e) questions of law or fact common to settlement Class members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.     **Settlement Class Representatives and Class Counsel**. The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representative. Additionally, the Court finds that Raina Borrelli of Turke & Strauss, Gary M. Klinger of Milberg, Terence R. Coates of Markovits, Stock & DeMarco, LLC, Jason R. Hull and Trevor C. Lang of Marshall Olson & Hull, PC will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3.     **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the

settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the settlement Class through the Settlement, the specific risks faced by the settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the settlement Class members equitably, and all of the other factors required by Rule 23 and relevant case law.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on March 6, 2024, at 2:00 p.m. at the Orrin G. Hatch United States Courthouse located at 351 South West Temple, Salt Lake City, UT 84101, where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases, including Released Claims, set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representatives for a Service Award should be approved.

6. **Settlement Administrator**. The Court appoints Angeion Group as the **Settlement Administrator**, with responsibility for class notice and settlement administration. The **Settlement Administrator** is directed to perform all tasks the Settlement Agreement requires. The **Settlement Administrator**'s fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Notice**. The proposed Notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement are hereby approved. Non-material modifications to these documents may be made by the Settlement Administrator in consultation and through agreement with the Parties, but without further order of the Court.

8. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the settlement Class; (b) are reasonably calculated, under the circumstances, to apprise settlement Class members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all settlement Class members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Utah Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement Class members.

The **Settlement** Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice**. Within ten (10) days after the filing of this Settlement Agreement with the Court, the **Settlement** Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class**. Any settlement Class member who wishes to be excluded from the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name, address, and telephone number; the name and number of this case; a statement that he/she wishes to be excluded from the Settlement Class; and a signature. A request to be excluded that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound by the Settlement Agreement. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which the Notice program commences, and as stated in the Notice.

The **Settlement** Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Approval Order is entered, all Persons falling within the definition of the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Approval Order. All Persons who submit valid and timely notices of their intent to be excluded from the

Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

11. **Objections and Appearances**. A Settlement Class Member desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court, the person making an objection shall file notice of his/her intention to do so and at the same time file copies of such papers he/she proposes to submit at the Final Approval Hearing with the Clerk of the Court. A copy of the objection must also be mailed and postmarked or emailed to the Settlement Administrator by the Objection/Exclusion Deadline to the physical or email address established by the Settlement Administrator and identified in the Claim Form. The Settlement Administrator will forward the objections to Class and Defendant's Counsel.

Any Settlement Class Member who intends to object to this Settlement must include in any such objection: (1) his/her/their full name, address, and current telephone number; (2) the name and number of this case; (3) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (4) the identification of any other objections he/she/they has filed, or has had filed on his/her/their behalf, in any other class action cases in the last four years; and (5) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her/their counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she/they must state as such in the written objection, and must also identify

any witnesses he/she/they may call to testify at the Final Approval Hearing and all exhibits he/she/they intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

Any Settlement Class Member who fails to timely file and serve a written objection and notice of intent to appear at the Final Approval Hearing pursuant to this Settlement Agreement, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

12. **Claims Process**. Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the **Settlement** Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The **Settlement** Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Approval Order is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Approval Order, including the releases contained therein.

13. **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored

to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) The Court refuses, in any material respect, to grant preliminary approval of this Settlement Agreement consistent with the terms of the Settlement Agreement; (b) The Court refuses, in any material respect, to grant final approval of this Settlement Agreement consistent with the terms of the Settlement Agreement; or (c) The Court refuses, in any material respect, to enter a final judgment in this Litigation consistent with the Settlement Agreement.

In the event the Settlement Agreement is not approved or does not become final, or is terminated consistent with this Settlement Agreement, the Parties, pleadings, and proceedings will return to the *status quo ante* as if no settlement had been negotiated or entered into, and the Parties will negotiate in good faith to establish a new schedule for the Litigation.  No Settlement materials, including the Settlement Agreement, shall be used in the Litigation.

14. **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Approval Order is not entered or there is no Effective Date and shall, with any Settlement materials related thereto, not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order or any Settlement materials related thereto be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other settlement Class member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the settlement Class.

If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the **Settlement** Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the settlement Class.

16. **Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| From Order Granting Preliminary Approval | |
|---|---|
| C.R.E. provides list of Class Members to the Settlement Administrator | +7 days |
| Long Form and Short Form Notices Posted on the Settlement Website | +14 days |
| Notice Deadline | +30 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award(s) | +76 days |
| Objection Deadline | +90 days |
| Exclusion Deadline | +90 days |
| Settlement Administrator Provide List of Objections/Exclusions to the Parties' counsel | +104 days |
| Claims Deadline | +120 days |
| Initially Approved Claims List | +165 days |
| | |
| **Final Approval Hearing** | +180 (at minimum) |
| Motion for Final Approval | -14 days |
| | |
| **From Final Approval Order** | |
| Settlement Administrator provides W-9 to C.R.E. | +30 days |
| Effective Date | +35 days (if no appeal) |
| Payment of Attorneys' Fees and Expenses Class Representatives Service Award | +49 days |

| Settlement Website Deactivation | +120 days |
|---|---|

DATED this 13th day of September 2023.

_____
Dale A. Kimball
United States District Judge, District of Utah