UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| IN RE: C.R. ENGLAND, INC. DATA BREACH LITIGATION | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-374-DAK-JCB<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This matter comes before the Court on three motions. Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement [ECF No. 54], Plaintiffs' Motion and Application for Attorneys' Fees, Expenses, and Service Awards to Class Representatives [ECF No. 47] (collectively, the "Plaintiff's Motions"), and Plaintiff Bohler's Objection to Motion and Application for Attorneys' Fees, Expenses, and Service Awards to Class Representatives [ECF No. 51] ("Bohler Motion"). Argument was heard on March 6, 2024. Plaintiffs were represented by Tarence R. Coates, Jason R. Hull, and Raina C. Borelli. Defendant was represented by Elaina M. Maragakis and Chris Wood, and Plaintiff Bohler was represented by James E. Magleby. The Court has reviewed the Motions, including any opposition, and the Class Action Settlement Agreement and Release Agreement [ECF No. 45-2] entered into by Plaintiffs and Defendant C.R. England, Inc. ("CRE" or "Defendant"), and renders the following Memorandum Decision and Order.

## DISCUSSION

### I.     Bohler Motion

Class Member Elliot Bohler has litigation pending in this court against the same Defendant relating to the same facts present in this matter [2:22-cv-00396] ("Bohler Case"). In the Bohler Case, Defendant filed a Motion to Compel Arbitration [ECF No. 29]. In response to this motion, Judge Jenkins dismissed Bohler's complaint and provided him with 20 days to amend his complaint [ECF No. 39]. Defendant C.R. England filed a Motion to Stay in that case, requesting that the court not rule on issues until the final approval of a class action settlement in this case occurs [ECF No. 44]. Defendant argues that Bohler is a Class Member, and therefore, a decision on the final approval of a class action settlement will resolve the claims in the separate Bohler Case.

In response to Plaintiffs' Motions, class member Bohler filed the Bohler Motion, objecting to Plaintiffs' Motion and Application for Attorneys' Fees, Expenses, and Service Awards to Class Representatives. Bohler argues that he created a benefit for the Settlement Class and increased the size of the settlement funds because he fought Defendant's attempts to force him into individual arbitration in the Bohler Case. He argues that, had he not done this, Class Members with arbitration agreements would have been left out of the settlement entirely. As such, Bohler argues that the funds in the Settlement Agreement should be allotted differently. Specifically, he asks that each Class Representative, including himself, be awarded $4,000. He also asks that his attorneys be awarded $119,933.84 and that reimbursement of costs and expenses to his counsel be awarded in the amount of $3,977.54. He asks that this be awarded in light of the substantial benefit his litigation awarded the settlement.

The court disagrees with Bohler and finds that he did not provide a benefit to the settlement class. Bohler argues that he provided a benefit for the class because he believes that had he not actively fought against Defendant's Motion to Compel Arbitration, other Class Members who had arbitration clauses would not have been included in the settlement class. This is not the case. Class Counsel never excluded Class Members with potentially applicable arbitration clauses from the proposed class. They did exclude them from being Class Representatives, but they did this for several reasons that were actually in the interest of Class Members with arbitration clauses, including avoiding limiting the fund amount and efficiently moving litigation forward. The Settlement makes available the same cash payments to all Class Members regardless of whether they signed an arbitration agreement, and this is not due to Bohler's efforts in the Bohler Case.

Furthermore, in arguing that he provided a benefit to the Class, Bohler relies on *Gottlieb v. Barry*, 43 F.3d 474 (10th Cir. 1994). There, the 10th Circuit determined that the class member did benefit the settlement class where their counsel worked on numerous actions for sixteen months before class counsel was designated. *Id*. at 488. That facts of *Gottlieb* are different than here. Here, Bohler chose to pursue his own case after class counsel had been designated. Thus, he continued to fight arbitration unnecessarily, and his actions in the Bohler Case did not confer any benefit to Class Members. In *Senne v. Kansas City Royals Baseball Corp.*, the court rejected the objectors' request for fees because "none of the efforts by counsel for the [objecting] plaintiff resulted in any benefits for the class." No. 14-cv-00608, 2023 WL 2699972, at *16 (N.D. Cal. Mar. 29, 2023). The court finds the same here and **DENIES** the Bohler Motion.

## II. Plaintiff's Motions

The court **GRANTS** Plaintiffs' Motions. Therefore, it is ordered:

1. The Court, for the purposes of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2. The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's length and without collusion. The Court approves and directs consummation of the Settlement Agreement.

3. The Court approves the Release provided in Paragraphs 60 and 61 of the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

4. The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, and for purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement.

5. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

6. The Court dismisses with prejudice all claims of the Class against CRE in the Litigation, without costs and fees except as explicitly provided for in the Settlement Agreement.

7. The Court grants Plaintiffs' Motion and Application for Attorneys' Fees, Expenses, and Service Awards to Class Representatives [ECF No. 47]. The Court awards Class Counsel $466,200.00 in attorneys' fees and reimbursement of expenses of $11,540.93 to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement is fair and reasonable. The Court awards the Class Representatives, James Van Sickle, Bruce Bischoff, James

Boss, and Albert Singletary, $5,000.00 each to be paid according to the terms of the Settlement Agreement. The award is justified based on their service to the Class. The Court overrules Class Member Bohler's objection to Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Service Awards. Class Member Bohler and his counsel conferred no benefit to the Class and did not participate in establishing the terms of this Settlement. The Settlement in this case affords all roughly 219,208 Class Members their day in Court including the ability to receive Settlement payments regardless of whether they may have individually entered into an underlying arbitration agreement with Defendant that may have compelled the claims alleged in this Action to arbitration instead of a court of law.

8. On September 13, 2023, the Court entered an Order Granting Preliminary Approval of Class Action Settlement [ECF No. 46] ("Preliminary Approval Order") that preliminarily approved the Settlement Agreement and established a hearing date to consider the final approval of the Settlement Agreement, Class Counsel's request for Service Awards to the Class Representatives and motion for attorneys' fees and expenses.

9. The Court's Preliminary Approval Order approved the Short Form Settlement Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice. The roughly 3.6% claims rate supports a finding that the Notice Program was sufficient.

10. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process.

11.     The Court finds CRE has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

12.     The Court grants final approval to its appointment of James Van Sickle, Bruce Bischoff, James Boss, and Albert Singletary as Class Representatives. The Court finds that the Class Representatives are similarly situated to absent Class Members, are typical of the Class, and are adequate Class Representatives, and that Class Counsel and the Class Representatives have fairly and adequately represented the Class.

13.     The Court grants final approval to its appointment of Class Counsel as provided in the Preliminary Approval Order [ECF No. 46], appointing Raina Borrelli of Turke & Strauss, Gary M. Klinger of Milberg, Terence R. Coates of Markovits, Stock, & DeMarco, LLC, Jason R. Hull and Trevor C. Lang of Marshall Olson & Hull, PC as Class Counsel.

14.     The Court certifies the following Class for settlement purposes under Fed. R. Civ. P. 23(a) and 23(b)(3), subject to the Class exclusions set forth in the Settlement Agreement:

**Class: All persons sent notice of the Data Breach.[1]**

15.     The Court finds that the Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes in that: (a) the Class of 219,2080 is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representatives have no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e)

---

[1] "Data Breach" means the cybersecurity incident against CRE giving rise to the Action.

questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

16. Having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims at trial, including the possibility that CRE could prevail on one or more of its defenses; having considered the range of the Plaintiffs' possible recovery (and that of the Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

a. Plaintiffs and Class Counsel have adequately represented the proposed Class;

b. the terms of the Settlement Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiffs and CRE;

c. the outcome of the Litigation was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

d. it is possible the proposed Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Class could receive less (including the possibility of receiving nothing) and/or that CRE could defeat class certification;

e. the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

f. the Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiffs and Class Counsel determining that it is in the best interest of the Class Members;

    g.    the aggregate consideration for the Class—including both the Settlement Fund, which CRE shall fund, and remedial measures CRE is or has implemented—is commensurate with the claims asserted and being released as part of the Settlement, and,

    h.    the terms of the Settlement Agreement treat the Class Members equitably relative to each other and fall within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Litigation.

Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members. Class Members who did not opt-out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

17.    The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement. To the extent that any funds remain after the allocation of the Settlement Fund pursuant to the terms of the Settlement Agreement, Settlement benefit distributions will be increased or decreased *pro rata*, with attorneys' fees and expenses, Settlement Administration fees and expenses, and Class Representative Service Awards deducted first. Any Cy Pres funds will be donated to "and Justice for all."

18.    This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against CRE of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of CRE or of

the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

19. This Final Approval Order, and all statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding or be used in any way as an admission or concession or evidence of any liability or wrongdoing by CRE, or that Plaintiffs, any Class Member, or any other person has suffered any damage due to the Incident. Notwithstanding the above, the Settlement Agreement and this Final Approval Order may be filed in any action by CRE, Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

20. The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by CRE that Plaintiffs' claims or any similar claims are suitable for class treatment.

## CONCLUSION

The court **GRANTS** Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion and Application for Attorneys' Fees, Expenses, and Service Awards to Class Representatives, and **DENIES** Plaintiff Bohler's Objection to Motion and Application for Attorneys' Fees, Expenses, and Service Awards to Class Representatives.

DATED this 18th day of March 2024.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge